[643 NYS2d 345]

In the Matter of MARK C. RUSHFIELD (Admitted as MARK CRAIG RUSHFIELD), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 13, 1996

1

APPEARANCES OF COUNSEL

*Clarence Smith, Jr.,* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Mark C. Rushfield,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law in this State at the Second Judicial Department in 1977, and has maintained an office for such practice within the First Department at all relevant times since then. He was admitted to the Bar in New Jersey in 1980.

While acting as attorney for the Tri-County ERISA Welfare Fund in New Jersey in the late 1980's, respondent caused his wife's name to be listed falsely as an employee of a company whose workers were covered by the Fund's medical benefit plan. As a result, he and his family received more than $5,000 in medical benefits to which they were not entitled. In filing its annual reports with the United States Department of Labor, as required under 29 USC §§ 1023 and 1024, the Fund thus inaccurately reflected its expenses in providing medical benefits for "eligible employees".

In 1993, respondent pleaded guilty to a three-count misdemeanor information in United States District Court for the District of New Jersey, acknowledging that his misdeed caused the Fund to file three inaccurate annual reports, in violation of 29 USC § 1131. His cooperation with Government authorities led to other convictions. Respondent was sentenced in 1994 to 30 days' probation, a $1,575 fine, and was ordered to make restitution to the Fund in the amount of $6,298.08.

Respondent was reprimanded by the New Jersey Supreme Court for his misconduct in December 1995. Petitioner seeks corresponding disciplinary action in this jurisdiction (22 NYCRR 603.3). Respondent concedes proper notice of the New

Jersey disciplinary action, and adequate proof in that proceeding of his misconduct, constituting a violation of New York's analogous rule against misconduct (i.e., adversely reflecting on his fitness to practice law [Code of Professional Responsibility DR 1-102 (A) (3), (8); 22 NYCRR 1200.3 (a) (3), (8)]). His Federal sentence has been satisfied. Accordingly, respondent should be publicly censured.

ROSENBERGER, J. P., WALLACH, KUPFERMAN, ROSS and WILLIAMS, JJ., concur.

Petition granted, and respondent publicly censured.